**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**LOVETTA CLARK,**

      **Petitioner,**

**vs.**                                                    **4:03cv330-SPM/AK**

**JOSE VASQUEZ (WARDEN),**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner, an inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  She has paid the filing fee. Respondent has filed a response, Doc. 16, and Petitioner has filed a reply.  Doc. 17. This cause is therefore in a posture for decision, and having carefully considered the matter, the Court recommends that the petition be denied.

In 1989, Petitioner was indicted in the United States District Court for the Northern District of Georgia for various drug offenses.  *See* Doc. 1, Attach.  She has not provided any additional details regarding the date of her conviction or sentence or the length of her sentence although the Bureau of Prisons website indicates that Petitioner's release date is 2015.  *See* http://www.bop.gov/iloc2/LocateInmate.jsp.   Although she indicates that she appealed her conviction, she has provided no details regarding that

proceeding.  She does indicate, without any specifics, that her § 2255 motion to vacate

was denied, and she argues that "[b]ecause the issues are jurisdictional defective

indictment and directly affects the United States District Court of lack of Subject Matter

Jurisidiction," any remedy under § 2255 is inadequate or ineffective.

On this occasion, Petitioner attacks the subject matter jurisdiction of the

convicting court based on her allegation that "Title 21 U.S.C.A. has not been enacted

into Positive Law by an Act of Congress."  Doc. 1 at 3.  She also charges that the

"indictment failed to charge a Federal Crime."  *Id.* at 4.

In response, Respondent maintains that the petition should be dismissed

because the petition, which is "an attempt to disguise a § 2255 motion as a § 2241

petition," contests the "legal validity of [Petitioner's] conviction" which can only be done

via a direct appeal or a § 2255 motion.  Doc. 16 at 1.  In reply, Petitioner maintains that

she is not "attacking the conviction but the legality of the [drug] statute" and requests

her "immediate release...."  Doc. 17 at 2 & 4.

## DISCUSSION

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the remedy
> by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255.  The question presented here is whether the savings clause of §

2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a

motion to vacate is "inadequate or ineffective to test the legality of...detention,"

affords Petitioner any relief on this occasion.  In *Wofford v. Scott*, the Eleventh Circuit

found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court
> decision; 2) the holding of that Supreme Court decision establishes the
> petitioner was convicted for a nonexistent offense; and 3) circuit law
> squarely foreclosed such a claim at the time it otherwise should have
> been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

The jurisdictional claims presented on this occasion are claims that Petitioner

should have presented on direct appeal or in her § 2255 motion.  "As a general

matter, the proper method of attacking the sufficiency of an indictment is by direct

appeal."  *Gearing v. United States*, 432 F.2d 1038, 1040 (5th Cir. 1970). However,

one of the grounds on which a § 2255 motion may be predicated is that the court

which imposed the sentence was without jurisdiction to do so.  A court is without

jurisdiction to impose a sentence when the indictment on which the conviction is

based is void."  *Id.*  Because there is no retroactively applicable Supreme Court

decision which has been rendered to "open the portal to a § 2241 proceeding," *id.*,

the savings clause of § 2255 is not triggered so as to allow this § 2241 habeas

corpus petition to proceed.  Like the petitioner in *Wofford*, instant Petitioner "had a

procedural opportunity to raise each of h[er] claims and have it decided at trial or on

appeal," *id.* at 1245, or in a § 2255 motion.  In this Court's view, Petitioner is

"attempting to use § 2241 simply to escape the restrictions on second or successive

§ 2255 motions," *id.*, and the savings clause "does not exist to free a prisoner of the

effects of h[er] failure to raise an available claim earlier."  *Id.*

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED**, and this cause be

**DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **8th** day of June, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**