IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LOVETTA CLARK,**

    **Plaintiff,**

vs.                                                              4:03-CV-330-SPM/AK

**JOSE VASQUEZ, Warden,**

    **Defendant.**

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

**THIS CAUSE** comes before the Court upon the magistrate judge's report and recommendation (doc. 18) dated June 8, 2005.  The parties have been furnished a copy and have been afforded an opportunity to file objections.  Plaintiff filed her objections (doc. 19) on June 27, 2005.

Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made.  Any failure by congress to enact a title into positive law "has only evidentiary significance and does not render the underlying enactment invalid or unenforceable."  Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985).  A number of courts have specifically examined Title 21, the title to which Plaintiff refers, and

come to the same conclusion.  *E.g.*, Turner v. Glickman, 207 F.3d 419 (7th Cir. 2000); Wilson v. United States, 946 F.2d 902 (10th Cir. 1991); United States v. Almonte-Nunez, 1999 WL 1215922 (D.C. Cir. 1999); Anderson v. United States, 2004 WL 2326386 (N.D.N.Y. 2004); United States v. Packard, 2003 WL 22327174 (D. Kan. 2003); Henriquez v. United States, 2003 WL 21242722 (S.D.N.Y. 2003).

Plaintiff has not shown that she is entitled to relief.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's report and recommendation (doc. 18) is adopted and incorporated by reference in this order.

2. The petition for writ of habeas corpus (doc. 1) is *denied.*

2. This case is hereby *dismissed with prejudice.*

**DONE AND ORDERED** this thirteenth day of July, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao